

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# USA v. Ruiz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ruiz" (2008). *2008 Decisions.* Paper 1158.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1043

UNITED STATES OF AMERICA

v.

MARIO RUIZ,
                            Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 05-cr-00519-1)
District Judge:  The Honorable Michael M. Baylson

Submitted Under Third Circuit LAR 34.1(a)
May 5, 2008

Before: SCIRICA, Chief Judge, BARRY and HARDIMAN, <u>Circuit Judges</u>

Opinion Filed: May 22, 2008

OPINION

BARRY, <u>Circuit Judge</u>

Mario Ruiz ("Ruiz") appeals the judgment of sentence.  For the reasons stated

below, we will affirm.

I.

Insofar as we write exclusively for the parties, we will set forth only those facts that are relevant to our disposition of this appeal.

A federal grand jury indicted Ruiz and his brother, Carlos Ruiz, for conspiracy to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. Due to his extensive criminal history, Ruiz faced a 20-year mandatory minimum term of imprisonment if convicted. He ultimately pled guilty pursuant to a negotiated plea agreement under which the government agreed to file a motion for downward departure pursuant to USSG § 5K1.1 and for imposition of a sentence below any mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 3553(e) if Ruiz fully cooperated with the government's investigation and did not commit any crimes subsequent to the execution of the agreement. The agreement included a provision in which Ruiz waived his right to appeal unless (1) the government appealed, (2) his sentence exceeded the statutory maximum sentence, or (3) "the sentencing judge unreasonably departed upward from the otherwise applicable sentencing guideline range." (App. at 22.)

In March 2006, the government informed Ruiz that it intended to file a motion on his behalf pursuant to sections 5K1.1 and 3553(e). It did not do so, however, because it learned that Ruiz had been arrested and charged in New York with possession with intent to deliver approximately 93 kilograms of cocaine. Ruiz moved to withdraw his guilty

plea, but the District Court denied the motion and sentenced him to a term of imprisonment of 262 months. This timely appeal followed.

Ruiz argues that the District Court erred by denying his motion to withdraw his plea. Although he acknowledges the existence of the waiver of appeal, he argues that it is invalid because the District Court failed to discuss it with him during the plea colloquy. Only if the waiver is invalid do we need to reach the issue of the propriety of denying the motion to withdraw.

## II.

We will enforce a waiver of appeal that is entered into knowingly and voluntarily, unless to do so would result in "an error amounting to a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). We do this because "[a]llowing defendants to retract waivers would prolong litigation, affording defendants the benefits of their agreements while shielding them from their self-imposed burdens." *Id.* at 561.

The determination of whether a waiver of appeal is "knowing and voluntary" depends in large part on the district judge's compliance with Federal Rule of Criminal Procedure 11. *Id.* at 563. Rule 11 requires the district judge to personally address the defendant in open court to confirm that the defendant is aware of, and understands, both the rights he or she is waiving by pleading guilty and the specific terms of the agreement, including "any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N).

We are unpersuaded by Ruiz's argument that his plea is invalid because the District Court failed to "personally address" his waiver of appeal during the Rule 11 colloquy. While the District Court did not expressly ask Ruiz whether he knew he was waiving his right to appeal, Ruiz acknowledged having read and signed both the plea agreement and the accompanying two-page acknowledgment of rights. He confirmed that he fully understood both documents and had been given an opportunity to speak with his attorney about them. Most importantly, Ruiz was present at counsel table with his brother during their joint plea hearing when the District Court thoroughly reviewed the details of the brother's plea agreement, including the agreement's waiver of appeal provision. Because the brothers' plea agreements were identical in all relevant respects, the District Court asked Ruiz for permission to conduct an abbreviated plea colloquy. Ruiz did not object to proceeding in this manner. When asked whether he was satisfied with the explanation of the plea agreement provided during his brother's plea colloquy, Ruiz responded that he was.

While the better course would have been for the District Court to recapitulate the terms of the plea agreement with Ruiz, we are more than satisfied that the procedure followed by the District Court did not affect Ruiz's substantial rights, rendering any error in this respect harmless. *See* Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."). In light of the plea agreement, the acknowledgment of rights, and the Rule 11 colloquy, we find that Ruiz's

waiver of appeal was knowing and voluntary. While an "error amounting to a miscarriage of justice may invalidate" an otherwise valid waiver, *Khattak*, 273 F.3d at 562, no such circumstance exists here.[1]

III.

The judgment of the District Court will be affirmed.

---

[1] Having established that the waiver of appeal is valid, we have little difficulty in concluding that the appeal falls within its scope and, thus, do not reach the merits of Ruiz's claim that the District Court erred in denying his motion to withdraw his plea.